FILED

2010 Jun-30 PM 04:06
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### JASPER DIVISION

| | | |
|---|---|---|
| **WILLIAM M. MCPHERSON,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-09-S-1580-J** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant William McPherson commenced this action on August 6, 2009, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ") denying his claim for continuation of a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Because this case involves a termination of benefits, it must be considered

pursuant to 42 U.S.C. § 423(f), which provides that

> [a] recipient of benefits under this subchapter or subchapter XVIII
> of this chapter based on the disability of any individual may be
> determined not to be entitled to such benefits on the basis of a finding
> that the physical or mental impairment on the basis of which such
> benefits are provided has ceased, does not exist, or is not disabling only
> if such finding is supported by–
>
> > (1) substantial evidence which demonstrates that –
> >
> > > (A) there has been any medical improvement in the
> > > individuals impairment or combination of impairments
> > > (other than medical improvement which is not related to
> > > the individual's ability to work), and
> > >
> > > (B) the individual is now able to engage in substantial
> > > gainful activity .

42 U.S.C. § 423(f)(1).  Federal regulations define the term "medical improvement"

as

> any decrease in the medical severity of your impairment(s) which was
> present at the time of the most recent favorable medical decision that
> you were disabled or continued to be disabled.  A determination that
> there has been a decrease in medical severity must be based on changes
> (improvement) in the symptoms, signs and/or laboratory findings
> associated with your impairment(s) . . . .

20 C.F.R. § 404.1594(b)(1).  Medical improvement is sufficient to support a

termination of benefits only if the medical improvement results in an increase in the

2

claimant's ability to perform basic work activities.   20 C.F.R. § 404.1594(b)(3).

The regulations also prescribe an eight-step evaluation process for determining whether disability benefits should be terminated due to medical improvement.  Those steps are:

> (1) Are you engaging in substantial gainful activity? If you are (and any applicable trial work period has been completed), we will find disability to have ended (see paragraph (d)(5) of this section).
>
> (2) If you are not, do you have an impairment or combination of impairments which meets or equals the severity of an impairment listed in appendix 1 of this subpart? If you do, your disability will be found to continue.
>
> (3) If you do not, has there been medical improvement as defined in paragraph (b)(1) of this section? If there has been medical improvement as shown by a decrease in medical severity, see step (4). If there has been no decrease in medical severity, there has been no medical improvement. (See step (5).) .
>
> (4) If there has been medical improvement, we must determine whether it is related to your ability to do work in accordance with paragraphs (b)(1) through (4) of this section; *i.e.*, whether or not there has been an increase in the residual functional capacity based on the impairment(s) that was present at the time of the most recent favorable medical determination. If medical improvement is not related to your ability to do work, see step (5). If medical improvement is related to your ability to do work, see step (6).
>
> (5) If we found at step (3) that there has been no medical improvement or if we found at step (4) that the medical improvement is not related to your ability to work, we consider whether any of the exceptions in paragraphs (d) and (e) of this section apply. If none of them apply, your disability will be found to continue. If one of the first

group of exceptions to medical improvement applies, see step (6). If an exception from the second group of exceptions to medical improvement applies, your disability will be found to have ended. The second group of exceptions to medical improvement may be considered at any point in this process.[1]

(6) If medical improvement is shown to be related to your ability to do work or if one of the first group of exceptions to medical improvement applies, we will determine whether all your current impairments in combination are severe (see § 404.1521). This determination will consider all your current impairments and the impact of the combination of those impairments on your ability to function. If the residual functional capacity assessment in step (4) above shows significant limitation of your ability to do basic work activities, see step (7). When the evidence shows that all your current impairments in combination do not significantly limit your physical or mental abilities to do basic work activities, these impairments will not be considered severe in nature. If so, you will no longer be considered to be disabled.

(7) If your impairment(s) is severe, we will assess your current ability to do substantial gainful activity in accordance with § 404.1560. That is, we will assess your residual functional capacity based on all your current impairments and consider whether you can still do work you have done in the past. If you can do such work, disability will be found to have ended.

(8) If you are not able to do work you have done in the past, we will consider one final step. Given the residual functional capacity assessment and considering your age, education and past work experience, can you do other work? If you can, disability will be found to have ended. If you cannot, disability will be found to continue.

20 C.F.R. § 404.1594(f).

The ALJ made the following findings in his September 15, 2008 administrative

---

[1]None of the exceptions to medical improvements applies in this case.

decision:

1.  The claimant was found disabled by another Administrative Law Judge in a decision issued on January 5, 1996.  His benefits were continued on May 10, 2001, the comparison point determination. Another continuing disability review found the claimant's disability to . . . have ceased in June 2004.

2.  The claimant has not performed substantial gainful activity since May 10, 2001.

3.  The claimant has the "severe" impairments of cervical and lumbar disc disease and undocumented seizure disorder.  He does not have an impairment, or combination of impairments, which meets or equals the criteria of an impairment listed in Appendix 1, Subpart P, 20 CFR Part 404.

4.  There has been medical improvement in the claimant's condition since the comparison point determination of May 10, 2001, and this improvement is related to the claimant's ability to work.

5.  The claimant has the residual functional capacity to perform sedentary and light work which allows for no more than occasional bending; no upper extremity pushing or pulling or overhead movements; a temperature controlled environment; no unrestricted heights; no driving; no operation of hazardous machinery; and no more than a mild to moderate level of pain so long as he does not exceed this residual functional capacity.  Any testimony or allegations otherwise are not credible.

6.  The claimant has no past relevant work, but is capable of performing a significant number of sedentary and light jobs, considering his age, education, past work experience, and the residual functional capacity described above.

7.  The claimant is not disabled within the meaning of the Social Security Act, based on the framework of Rules 201.27, 201.18,

and 202.20 of Appendix 2, Subpart P, 20 CFR Part 404.  His disability is found to have ceased.[2]

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards.  Specifically, claimant asserts that the ALJ improperly considered his subjective complaints of pain and failed to consider the combined effect of all of claimant's impairments on his ability to perform work activities.  Upon review of the record, the court concludes these contentions are without merit.

To demonstrate that pain renders him disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)).  If an ALJ discredits subjective testimony on

---

[2]Tr. at 24-25.

pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d

1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir.

1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

> Here, the ALJ found that, while

> the documentary evidence establishes underlying medical conditions
> capable of producing some pain and other limitations, substantial
> evidence as a whole does not confirm disabling pain and other
> limitations arising from those conditions, nor does it support a
> conclusion that the objectively determined medical conditions are of
> such severity that they could reasonably be expected to give rise to
> disabling pain and other limitations.[3]

This analysis is in accordance with Eleventh Circuit case law.  Furthermore, the

ALJ's finding was supported by substantial evidence.  While the medical records do

indicate that claimant experienced and received treatment for neck pain, there is no

medical evidence indicating that claimant's pain rose to a disabling level.  The ALJ

also considered claimant's failure to follow prescribed treatment and his daily

activities in evaluating the credibility of claimant's allegations of pain.  The ALJ's

finding that claimant's complaints were less than fully credible was supported by

substantial evidence.

Claimant also argues that the ALJ failed to consider all of his impairments in

combination.  Specifically, claimant asserts that, while the ALJ noted evidence

---

[3]Tr. at 23.

documenting claimant's seizure disorder and cervical and lumbar disc disease, he failed to "indicate that he properly considered these impairments in combination."[4] Claimant's argument has no merit.

Social Security regulations state the following with regard to the Commissioner's duty in evaluating multiple impairments:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

20 C.F.R. § 1523. *See also* 20 C.F.R. §§ 404.1545(e), 416.945(e) (stating that, when the claimant has any severe impairment, the ALJ is required to assess the limiting effects of *all* of the claimant's impairments — including those that are not severe — in determining the claimant's residual functional capacity). Here, the ALJ discussed *all* of claimant's severe impairments, *including* his undocumented seizure disorder and lumbar and cervical disc disease. Furthermore, the ALJ explicitly stated that claimant did not have an impairment, *or combination of impairments*, that met or

---

[4]Doc. no. 8 (claimant's brief), at 9.

8

equaled one of the listed impairments.[5]  The ALJ also noted that he was considering "whether there has been an increase in the claimant's residual functional capacity based on the impairment *or combination of impairments*, which were present at the comparison point determination."[6]  These statements are sufficient to indicate that the ALJ properly considered all of claimant's impairments.  *See Wilson v. Barnhart,* 284 F.3d 1219, 1224 (11th Cir. 2002); *Jones v. Dept. of Health and Human Services,* 941 F.2d 1529, 1533 (11th Cir. 1991).

In accordance with all of the foregoing, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant.  The Clerk is directed to close this file.

DONE this 30th day of June, 2010.

_____
United States District Judge

---

[5]Tr. at 19, 24.

[6]Tr. at 20 (emphasis supplied).